We will hear argument next in Case 24-416, Commissioner of Internal Revenue v. Zuch. Ms. Ross? Mr. Chief Justice, and may it please the Court, Section 6330 of the Internal Revenue Code is all about levies, using the word levy nearly 30 times. The statute provides a levy-specific exception to the general rule that taxpayers must pay their taxes first and dispute them later in a refund suit. When the IRS proposes to collect a tax by levying on the taxpayer's property, that is, by seizing and selling it, Section 6330 allows the taxpayer to dispute that particular method of collection before it occurs. A taxpayer cannot use Section 6330's prepayment mechanism unless the IRS seeks to levy on her property. The proposed levy is her ticket to the IRS's appeals office and later to the tax court. But the tax court is one of limited jurisdiction. Under Section 6330, Congress has given the Court only the power to review the appeals office's, quote, determination, end quote, whether a levy may proceed, whereas here the IRS no longer has a basis to enforce its proposed levy, the tax court lacks jurisdiction, just as it would lack jurisdiction if the IRS had never proposed a levy at all. Respondent contends that even after the levy has dropped out of the case, the tax court may continue to consider arguments about the taxpayer's unpaid tax or underlying tax liability. But in this case, the IRS cannot levy on the taxpayer's property because she has already paid, so there is no unpaid tax or underlying tax liability. And more generally, the statute instructs the appeals office to consider those issues only in service of making the ultimate determination whether a levy may proceed. They are not the determination itself, and nothing in the statute suggests those subsidiary questions are independent bases for tax court jurisdiction. Indeed, even if the tax court agreed with respondent on those issues, it could afford her no relief in the absence of a threatened levy. The tax court therefore lacks jurisdiction, although respondent may pursue challenges to the she has paid in a post-refund suit, just like any other taxpayer subject to the general rule. Should we look at this case as statutory jurisdiction as opposed to mootness? So Justice Thomas, I think you can look at this case in a variety of ways, but they sort of all get you to the same place. I think you can think about it sort of as statutory mootness. The statute requires something that's no longer present. It requires that the parties be fighting over a levy. As I mentioned earlier this morning, the entire statute is about levies, and I think we know this not only because the statute talks about levies 29 or 30 times, but also because there's no relief that can be given at this point to the taxpayer when there's no longer a levy proposed. Well, the taxpayer says that it still wants to litigate the underlying liability, but why wouldn't the tax court have jurisdiction since at the beginning of the litigation there was a levy in place? So I think, Your Honor, the tax court wouldn't have jurisdiction when there's no longer a levy because, again, the jurisdiction is very much tied to the levy. So the question here is whether the determination that the appeals office has made, which is whether the levy can go forward, that's the language of D1. The question here is whether the respondent can continue litigating questions that are subsidiary to that ultimate determination. But I think my point is, why is that so? At the beginning of the litigation there was a levy involved. Why does it have to extend throughout the litigation that's already in court? Sure, Your Honor. So two answers to that question. One, by analogy to this court's recent decision in Royal Canin, I think there are some things that happen during the course of a litigation that so fundamentally alter the litigation that statutory jurisdiction is ousted. So in that case, it was a question about federal question jurisdiction and supplemental jurisdiction. The court was exercising supplemental jurisdiction over state law claims in addition to Section 1331 jurisdiction. And this court said that when the federal claims fell out, there was no more Section 1367 supplemental jurisdiction because the federal impossible to read this statute all the way through and not come away with the sense that the levy is the anchor to federal court to tax court jurisdiction here. But if I could discuss the statutory provision specifically, because I think they also really show this point, the whole question here, or a piece of the question here at least, is about this meaning of determination on page 5A, Section D1 of the statute. And I think everyone agrees that the is that anything that goes into that determination is sort of independently appealable even in the absence of a levy. But I think we know that's not true because if you just step back one page in the appendix, so this is on page 4A of the gray brief, and we're looking at C3, this tells us the basis for the determination. It says the determination by an appeals officer under this subsection shall take into consideration, and then it provides a few different things. The one that respondent is focused on is B, the issues raised under Paragraph 2. So we know whatever those issues are, they're not the determination itself. They're inputs to the determination. And so therefore they're not an independent basis for tax court jurisdiction. And if you flip back a page further to page 3A of our appendix, you see... I hate to interrupt because it's a good explanation, but I just want to make sure I track you. You agree that the tax court's jurisdiction hinges on a determination. So I agree that the determination is necessary. I think we have additional arguments about what remedy the tax court could provide at this point, but I agree that the determination is necessary. We can get to remedy later. I'm sure we'll get there. But the determination, and there was a determination here by the appeals office. Yes, there was a determination that the IRS's threatened levy could go forward. And has that been withdrawn? There is no basis for there to be a levy in this case at this point. That wasn't my question. It was a good answer, but it wasn't my question. Has the determination been withdrawn? So I think it's important. So I think the answer to your question, just to give it, is not exactly, but there's a reason why that is. And that's because... How about no? Well, we're talking about an appeals office here, which is not, this isn't a district court decision that you would need to be vacated or something like that. This is an appeals officer. It's an extremely informal determination. And so this person may not be a lawyer. The IRS is generally not represented before the appeals office. So the determination lacks any practical significance. The government didn't ask the appeals office to withdraw its determination at any point, right? I'm not aware of that being in the record. But again, I don't think that would normally happen because we've just said that it's moot. The IRS has no lawful basis to proceed with a levy at this point. Well, you say it's moot, but you say don't do mootness in that footnote, because it's not in Article III. We're in the executive branch over here, right? And Article III mootness principles don't apply. And you encourage us not to decide that issue in that footnote of yours. It's a good footnote. So I think... So it's about statutory jurisdiction, your argument. And that hinges, at least at the end of the day, there's still a determination. So there's a determination that has no practical effect in the world. There is no way for the IRS to proceed with a levy. I do appreciate that answer. Yeah. Okay. Thank you. Sure. You were going to say something on 3A. Sure. So 3B, I think, is the set of issues that are raised under Paragraph 2. So then we have to flip back another page. And the issues that are raised under Paragraph 2 that Respondent has focused on are the issues relevant, any relevant issue relating to the unpaid tax or the proposed levy. So in this case, there's no unpaid tax, and there's no longer a proposed levy. And then under B... I hate to stop you there, but that's the dispute, is whether there's an unpaid tax. No, you're... So just as a matter of fact, this tax has been fully paid. The IRS has Respondent's money in full for 2010. So there is therefore... Because of the way you credited it, but... The IRS exercised the authority that Congress gave it in Section 6402 to apply overpayments as a credit, but... It seems a little circular, though. Is there an issue relating to an unpaid tax? One side says yes, the other side says no, and no because of what we did. Well, because we exercised authority, again, that Congress has given. And I want to finish the answer on how the jurisdictional provisions play out, but I just want to point out that Congress could have decided to stay the offset authority during a Section 6330 proceeding, but it did not do that. That's undisputed in this case. And so I don't think there's any question here that the IRS lawfully authorized that authority. That may be something they want to raise in their refund action, but I don't think it's before this court at this point. So to go back to what we were talking about with respect to the unpaid tax, I think as a factual matter, there is no unpaid tax in this case. There's also no pending levy. And then she also would like to raise underlying liability questions. So we're on underlying liability, right? Yeah. Sure. So we also think that there's no underlying liability at this point because, again, there's no liability she has paid. And what she really wants is a refund or a determination that she's overpaid, but it's not a liability at this point. And it's not underlying anything of significance because as the Fourth Circuit recognized in McLean. Isn't that parsing underlying tax liability a little thin? So, Your Honor, I don't think so. I think that's the natural consequence of those words. But even if you disagree with me on all of this, I think we're still obviously correct for at least two reasons. One, and two reasons that are just specific to this provision before I even get to remedy. One is that these are things that the appeals officer shall take into consideration in making the determination. We know from C3 that they're not the determination itself. And so they're not the source of that tax court jurisdiction. And two, if you go down to C3 big C, something that the appeals officer must take into account in every case is this balancing question. I'm going to paraphrase because the statute is wordy, but it's essentially whether the proposed collection action appropriately balances the need for the efficient collection of taxes with the taxpayer's interest in this being no more intrusive than necessary. And so I think on respondents' view of this statute, that's an independently appealable issue, even in the absence of a levy. And that just can't be right. There's no reason to still be fighting about that when there's no longer a levy. Now, I take some of the concerns that Justice Gorsuch was maybe hinting at as to, you know, she's in court already. She just really wants to finish this out, to be talking about this is inefficient. And I certainly... No, no. The whole thing's crazy. It is certainly a dense and technical statute, Your Honor. I don't know what's most efficient, but I do think that there is a dispute about the underlying tax liability. Sure. And I think Congress expected that dispute when there is no levy. And I do think there was a determination made that the government hasn't withdrawn. And so that's where I'm stuck. So, Your Honor, I don't think it's right to think about this as a determination that the government has to withdraw because that determination, again, by the appeals office, doesn't even bind the IRS going forward. The IRS is not committing itself to taking the position that that was, you know, whatever subsidiary issues are decided by the appeals officer are not sort of the final position of the IRS for future litigation, for example. I appreciate that too. But the statutory jurisdiction hooks on a determination. We have a determination. In making that determination, you can contest your underlying tax liability. So you can contest that. But I think it's important to situate us in the type of proceeding that Congress provided here. So again, you only get into this proceeding if there is a levy. This is an extra level of protection that Congress provided in order to protect people because while levies are well-established and constitutional, they are more intrusive than other means of tax collection. And so I think it makes perfect sense that you might consider the person's underlying liability when you're deciding whether the government can finish out its levy. And Ms. Ross, so what is the determination? I mean, we see a lot of textual evidence here that the jurisdiction is being provided to make a determination, the determination. So in your view, can you just tell us what that is? That is the determination whether the levy can go forward. All right. And so your point is sort of a common sense one, I think, that to the extent that Congress is providing this extra process when someone is targeted for this particular treatment, having a levy imposed, if for, and I'm going to ask you about if for whatever reason, but in this case, because the underlying tax liability is resolved through the credits, the levy is no longer going to be imposed. Precisely. Then the whole point of the proceeding is done and we don't have any other cause, I think you're saying, to be looking into whether the underlying tax liability is lawful or not. That's precisely correct, Justice Jackson. And I think, you know, the way that we would normally look into an underlying tax liability is that the taxpayer would pay their money and then they would file a refund action. And so all we are saying here is that section 6330 has no work left to do. Ms. Ross, I could, I understand that would be a perfectly sensible statute to write. And Congress could have done that. But hey, once you issue a levy, taxpayer can bring anything about his underlying tax liability in that proceeding too. And maybe they thought that was more efficient. Maybe they didn't think about it. You know, maybe, I mean, that would be, it's not irrational to think that Congress would want to do that, is it? So Justice Gorsuch, I don't think it's irrational, but I think we know from the text of the statute that that's not what Congress intended here. This is not one-stop shopping to resolve all of a taxpayer's issues. And if I could point the court to a provision we haven't discussed yet this morning, E1, on pages 6A to 7A of our appendix, this is the provision that effectively stays the levy during the pendency of the section 6330 proceeding. But in response to your question, Justice Gorsuch, it also does some other stuff. It tolls certain statutes of limitations. And one of the statutes of limitations that it's tolling is 6532. 6532, although it's somewhat unhelpfully summarized here as relating to other suits, it's actually the statute of limitations for a refund action. So we know very well that Congress didn't design the most efficient system where it thought everything was going to get resolved in a section 6330 proceeding. Instead, it expected that there would be follow-on refund suits. And I think we know that for two more reasons. One is that there's no refund jurisdiction here. It's very important that the tax court is a court of limited statutory jurisdiction. Respondent has not claimed that jurisdiction to provide a refund here, and it's lacking. And the other is that a section 6330 proceeding can be resolved on any one of a number of issues that will not actually tell us anything about a person's unpaid tax or underlying liability. And again, that makes sense because to Justice Jackson's point, it's really just about the levy. And of course, you might have to figure out whether the person actually owes money in the service of deciding whether the levy can go forward. But that's not primarily what this statute is doing. How often does this situation arise? Justice Kavanaugh, unfortunately, I don't have empirics for you on that. You know, we cited a statistic in our opening brief that there are about 30,000 section 6330 proceedings a year. My sense anecdotally is that the number, you know, in a year that might have a mootness question like this is in the tens. You know, I would say probably less than 100, but I don't know for sure. What is usually at issue in these suits, if not the underlying tax liability? What are people fighting about? Sure. So Justice Kagan, if you look at pages, again, 3A to 4A of our appendix, one of the things that you can do in a section 6330 proceeding is bring up a spousal defense. You know, another one is offer a collection alternative. So you might say, yes, I owe this tax, or I'm not even going to fight with you at this point about whether I owe this tax, but I can pay it on an installment plan. Please don't take my car. And that I think to the point I was making to Justice Gorsuch earlier, you know, it makes a lot of sense when talking about this informal hearing that can often be by telephone, through an exchange of correspondence, where we're just trying to get the liability paid. So it's like, don't levy. I promise to pay this. Let's try to work out a schedule. Exactly. That's the idea. That's the idea. I mean, I think C3C, that big C that I was talking about earlier, this balancing test goes to that point as well, because that's something that the appeals officer has to consider in every case, whether the taxpayer raises it or not. It's just, does this make sense? Does it make sense to take this more drastic remedial measure in this case? And the statute of limitations provision that you talked about, does that ensure that in, I was going to ask before you talked about that provision, what happens to somebody like Ms. Zook when, you know, the months have rolled by, the years have rolled by, is she always able to bring a refund suit? So Justice Kagan, I think that that will depend on whether she has brought an administrative claim for a refund, because generally, and, you know, I'm going to speak in generalities, because the tax law is obviously quite complicated, but generally a taxpayer must make an administrative refund claim before she can file a refund action. And so if you just report an overpayment on your tax return, that counts. So it's not necessarily a particularly high burden, but it would depend on whether the person had also done that, because that is not So if the person did nothing, and then there was a levy action, but then for reasons such as this, the levy went away, then she'd be out of luck, because she did nothing in the first place. Well, I think it would depend on what her tax return said, if she had sort of claimed an overpayment at that point or filed another. So it's a little hard to say if she did nothing, because presumably she's at least filed a tax return. And so I think I would need to know what happened there. But I think that whatever issue she would have there would have nothing to do with the Section 6330. It would be her own issue with respect to whether she had filed the administrative claim in the first place. Would it matter to you that the levy was resolved for other reasons? I mean, here there's no need for a levy because the IRS continued to credit these tax payments, and so eventually there was no underlying liability. Does it matter to your argument the reason why the levy disappears? So I think you can imagine situations in which the IRS says, you know, for some reason we're not proceeding with this levy right now, but we are not saying it's off the table, that might raise a different case. But I think in the main, when we're talking about a tax that's either been fully paid, as in this case, or abated is one of the ones that you see a lot of times in the case law, then the levy is just off the table. And so, no, I don't think the precise reason matters. If I could. I'm sorry. It does bother me following up on Justice Kagan's question of whether or not the IRS can sandbag somebody. She doesn't know that the offset's not being made until you move for a levy. She then challenges the levy because she says, I paid my tax, and the IRS says no, and that gets fully litigated in 6-3-3-0, and 5, 10, whatever number of years it takes the IRS to decide it collected what it needed, it drops to 6-3-3-0. You're now saying to me that because she didn't say something administratively, E doesn't toll her statute of limitation. No, Justice Sotomayor. I want to be clear about this. So all I'm saying is that E includes a tolling mechanism for the statute of limitations to bring your refund to action. There is a different requirement that anyone, whether they faced a levy or not, would have to satisfy. So does she satisfy that here by the fact that she sent you a letter saying I'm owed this money and you guys said no? So, Your Honor, my understanding is that consistent with the way that Respondent has pled their refund suit, which they've now filed in the District of New Jersey, they have satisfied that for most of the years in question. I think they would know better than I do if the underlying theory here is that they should recover. You can answer that. I think in their brief they said about $20,000 is up in the air. Right. And my point is that that just, as far as we can tell, has nothing to do with the Section 6-3-30 proceeding. That is because those are the 2014 and 2015 tax years, and in the time required to do that as an administrative matter, they just haven't asked or they haven't stated that they overpaid as to those years. And you're pointing to the Statute of Limitations provision to demonstrate that Congress also thought that prepayment had nothing to do or seeking, challenging the underlying tax liability had nothing to do with this 6-3-30 action. So maybe we're saying the same thing, but the way that I'm thinking about it is that what we know from the tolling of the refund suit is that Congress knew that this 6-3-30 proceeding wasn't going to resolve all the issues. Right. And I go back to that. I'm sorry. Sorry. Finish your answer. There might well need to be refund actions. I would still really love at some point to talk about the remedial issue here, but Justice Sotomayor, please. Just one collateral estoppel question.  Assume you said we can't use that tax court determination as collateral estoppel in the lawsuit. Why? Why not? So Justice Sotomayor, what I meant to say was that you can't use the appeals officer's determination because that just has sort of no legal effect going forward. What happens here is that the appeals officer decides whether the levy can go forward or whether there's an installment plan or something else that could forestall collection. All I meant to say was that there's no need to kind of vacate that appeals officer determination because once there's no reason, no lawful basis for the IRS to levy, they're not going to levy. There's sort of nothing else to be done here. We are done with the Section 6-3-30 proceeding. If that's true, why? Sorry. Please. Well, I was just going to say before your time runs out, what would you like to say about the remedial issue? I very much appreciate that, Justice Alito. So a few points. I think some of these have been covered, but I think it's important to just situate ourselves in the tax court where the tax court needs to have specific statutory authority. It doesn't have the tax equivalent of Section 1331 jurisdiction. It has these specific proceedings, and it doesn't have general remedial authority. So there's no refund. No refund authority has been specifically given to the tax court in this case. No overpayment authority. I think my friend agrees with those. The only statutory citation he's provided for a remedy in this case, if he's right, that the tax court proceeding can go forward is E-1. And so the theory is that E-1 provides for an injunction against a levy. And so if it provides for an injunction, it must, on my friend's view, also provide for the milder form of declaratory relief. I think if you read E-1, there's at least two problems with that. Number one is that it actually only provides for an injunction against the levy. And so there's no levy at this point, and therefore there's no lesser authority to provide declaratory relief. The second problem is that it's actually a stay much more than it's an injunction. This is not a permanent injunction provision. This is a provision that says in the first sentence that the levy actions which are the subject of the requested hearing shall be suspended, and then allows the tax court to come along and enforce that suspension through an injunction, but again, only during the period in which the Section 6330 proceeding is pending. And so that can't provide permanent relief in either injunctive or declarative Ms. Ross, why couldn't the tax court simply vacate the appeals office decision? So Justice Gorsuch, I think if the... Why wouldn't it have jurisdiction to do that? So I guess my first answer would be it really wouldn't make a difference. It wouldn't give respondent anything because this levy is not going to go forward. There's no longer a levy in this case. And so vacating, you know, as I was saying earlier, this has no sort of forward looking stare decisis effect, and so it wouldn't give them anything. We just have two executive officers talking to one another here anyway, right? And one could say, well, that decision's vacated. Couldn't it... Wouldn't it have authority to do that? You know, I mean, perhaps it would, but I still really struggle to see how that would be different than dismissing the appeal for mootness purposes. Do you want any further exchange? I'm afraid I do have one more question, but I'll wait my turn. You can go ahead right now. What do we do with... Thank you, Chief, for your indulgence, and my colleagues, too, on tax law, of all things. What do we do with the IRS's prior position? It's another footnote here, 36 of the PEDAP, that suggested mootness motions should be filed if the tax liability has been fully paid and the taxpayer raises no other relevant issues. It seems like the government's changed its position with respect to what follows after and. I'm sorry, Justice Gorsuch. Could you just give me the page again? I want to make sure we're looking at the same thing. PEDAP 32A, footnote 36. Sure. So I think I would have two answers for you on that. The first is sort of well in line with our colloquy so far this morning, is that IRS chief counsel notices are not binding, and so I think even if there was a change, that is sort of neither here nor there. I also believe that the change that was alleged here was, I think the second notice, which I'm not seeing as I look at it quickly, was sometime around 2005. This statute was passed in 1998, and so I think the fact that kind of the chief counsel was getting their head around how these things would work in practice at that period 20 years ago really doesn't say much about what the IRS's position should be at this point. Thank you. Thank you, counsel. Justice Thomas? Justice Alito? Justice Sotomayor? Anything further? Justice Barrett? Justice Jackson? Thank you, counsel. Mr. Derefsky? Mr. Chief Justice, and may it please the Court, the IRS can evade the tax court's jurisdiction to review the appeals office's determination of a taxpayer's liability or unpaid tax simply by keeping the taxpayer's money through discretionary offsets. In section 6330D, Congress gave the tax court jurisdiction to review not just the liability and unpaid tax. So if a taxpayer disputes the office's resolution of her liability and unpaid tax, section 6330 review isn't moot just because the IRS stops pursuing a levy. To the contrary, if the taxpayer wins, she is entitled to and likely will receive money. Under D.1, a taxpayer may petition the tax court for review of the appeals office's determination. The court has jurisdiction to review that determination, which paragraphs C.2 and 3 make clear encompasses the issues that the taxpayer raises, including liability and unpaid tax. Moreover, paragraph D.1, which is the key provision creating tax court jurisdiction, says nothing about needing a continuing levy for tax court jurisdiction. It requires only a determination. That makes sense. Congress sought to give taxpayers process and prevent unfair IRS collection practices, not to reward IRS gamesmanship and force taxpayers to challenge adverse appeals office determinations by starting over in district court. The tax court's review jurisdiction means that the case isn't moot. The jurisdiction to review the appeals office's determination under D.1 comes with jurisdiction to rule, including reversing and ruling in the taxpayer's favor on liability and unpaid tax issues. If Zook wins, the IRS will likely refund or credit her in a future tax year. The tax court's authority comes from the jurisdictional grant in 6330D. Jurisdiction to review, and thus necessarily to affirm, vacate, or reverse the appeals office's determination, which includes liability and unpaid tax. I welcome the Court's questions. Do you have an example where what you just articulated actually has occurred? Meaning where the IRS? In any other proceeding. I don't. And I think that just goes to show how unusual this case is. In a typical- This proceeding, 6330, does no more than decide whether or not there's a levy. Well, I don't think that's right, Justice Thomas. Because under C-3 and under C-2B, if the existence or amount of the underlying liability are challenged, the appeals office has to consider that, has to make a determination about it. Here, the appeals office did. It was a determination adverse to my client, but it was, in fact, considered. So do you have any example of, under 6330, of anything other than a determination with respect to a levy, refund or anything else? I don't. But again, if you think about the limited universe of cases in which this is going to come up, the appeals office is making a determination about the existence for the amount of the underlying tax liability, yes, in connection with a levy. It is the rare case, like this one, where the IRS then moots the case when it's pending decision in the tax court. But isn't the default for money in this, with the IRS, isn't it post-deprivation review? I mean, isn't this an unusual, is this an exception to post-deprivation review? It is an exception. It is also an unusual statute that Congress created. But in creating it, Congress hinged tax court jurisdiction not on a continuing levy, which it easily could have said in D-1, just as Ms. Ross pointed out. Congress pointed to levies elsewhere in 6330. But counsel, that's the whole context of the statute. And your argument seems to be equating determination with consideration in C-3, right? You say that the court has jurisdiction to review the determination of liability and unpaid tax, as though what the hearing officer is doing is making that determination. But when we look at the statute, we say, it says, the determination under this subsection shall take into consideration things like unpaid tax. So it appears as though Congress was very clear that there are considerations to include the unpaid tax that should be thought about when you're making the determination. And Ms. Ross says the determination is whether or not the levy goes forward. Justice Jackson, I think what the appeals office is doing is both. It is making a determination about whether the levy can go forward, which is necessary for the appeals office to issue its findings. But it is also making a determination about the issues of the rate. That's not what the statute says. The statute says the determination shall take into consideration the unpaid tax. The determination. And then when we get down to tax court jurisdiction, it says such determination, such matter, determination singular, not plural. I mean, it's pretty clear that the statute is about a particular determination. That is, whether the levy will go forward. And Congress is providing people with notice and an opportunity to be heard with respect to that determination. And so I guess the question is, once that determination is no longer necessary because for whatever reason, the IRS is no longer seeking a levy, it just seems odd that you say that there's some jurisdiction left to still say something about the considerations that the statute says you're supposed to look at in making that determination. So Justice Jackson, a couple of points in response to that. One, I don't ascribe much significance to the singular determination, given the Dictionary Act, that singular can also mean plural. But even with respect to this determination, if you look at what the determination was in this case, the initial determination at Cert Appendix 62A, it talks about how the appeals office reviewed both the tax payment transfer request and the request for penalty abatement. But how about we look at it as it exists in the statute? I mean, I appreciate that determination can be plural, but it says the determination, such determination. There's nothing about that that suggests that the appeals officer is vested with the authority to make more than one determination. There's also nothing in D1, which doesn't mention a levy, in C3B, which doesn't mention a levy, in C2B, which doesn't mention a levy, and in C2A, which distinguishes, it uses a disjunctive or, to distinguish between issues relating to the unpaid tax or the proposed levy. And so in these key provisions in C and D, Congress didn't use the levy language. Can I just ask you one final question and then I'm done? Why is it gamesmanship for the IRS to get rid of the terribly punitive and coercive levy mechanism in the context of this particular case or any case? I mean, I understand you're saying, oh, that's sort of gamesmanship. But really, the only reason why people are getting notice in a hearing is because everybody recognizes that a levy is a really big deal. So when the agency says we're not going to do a levy anymore, it seems strange to me that that's considered like a bad thing. So the gamesmanship or the potential abuse comes from letting the IRS, on the one hand, begin this process with a levy, and then 10 plus years later, pull the rug out from under the taxpayer, force them to start again in a refund action, and potentially do so, again, using the government's sole discretion about whether to apply an offset, do so after they've lost a determination before the appeals office in order to moot out, on the government's view, the tax court appeal. That's not what Congress contemplated in 6330 when it pegged tax court jurisdiction not to a continuing levy, which, again, it could have said. It obviously knew how to use the word levy throughout the statute, but it didn't in D-1 when it just talked about the determination. MR. MILLER Just want to make sure you've addressed 6532 relating to other suits in E-1 that Ms. Ross raised.  CLEMENT Yeah. So a couple of points on E-1 and on that argument. One, the limitations argument that Ms. Ross made could easily cut in exactly the opposite direction. Congress could have thought that the reason it was staying the limitations period for a refund action was to avoid the need for taxpayers to file a protective and duplicative action because a Section 6330 action might resolve the liability and tax issues. There's no need to run to Federal court at the same time that the 6330 proceeding is pending. In addition to that, as Ms. Ross' colloquies with the Court showed, that tolling in E-1 doesn't protect taxpayers in all circumstances because it doesn't absolve the taxpayer of having to file the administrative refund claim within that two-year time period. And in fact, here there are a couple of years for which Ms. Zook can't recover in the refund action because she didn't file the timely administrative refund claim. So the limitations provision that Ms. Ross pointed to in E-1 doesn't solve this problem and, if anything, points in our favor. So the statutory argument here is ultimately quite simple. C-2A talks about any issue relevant to an unpaid tax or proposed levy. C-2B talks about underlying liability. C-3 makes those issues part of the determination. And D-1 hinges tax court jurisdiction on a petition for review of the determination. Once the tax court has review – has that jurisdiction, it has under D-1 the authority to act that is read against background principles of appellate review. This is similar – it's similar to APA 706 principles. The tax court can hold unlawful or set-aside agency findings and conclusions. It can vacate the appeals officer's determinations about the unpaid tax and liability issues. The other analogy I would draw here, it's similar to interlocutory appeal under 1292 B or to review of remand orders under 1447 D. Once there is jurisdiction over an order, which is analogous to the determination here, that appellate jurisdiction also includes issues that are fairly included within the order and here fairly included within the determination. With respect to mootness, there remains a live disputed issue about unpaid liability and unpaid tax. Ms. Zook was injured by the misallocation of her money by the IRS. That injury is obviously traceable to the IRS and it's redressable by a favorable ruling because presumably the IRS will comply and will either credit Ms. Zook in a future year or refund her money if a court were to hold that she was entitled to that. In terms of empirical numbers, the government has not come forward with any statistics to show that the sky will fall if the court affirms the Third Circuit's ruling and rules in our favor here. There is a recent report from the IRS taxpayer advocate showing that between 2004 and 2018, only a little over 1% of levy notices actually resulted in a CDP hearing being sought. Less than 1% then resulted in a tax court proceeding and the government has not come forward with other examples of where cases like this are being mooted out. And so the sky's not going to fall and the tax court's not going to have an overwhelming burden if the court rules in our favor. Ruling in the government... I'm sorry? There are two other circuits who have ruled against this position. The Third Circuit was saying it wasn't going to follow the D.C. or Fourth Circuit, correct? Correct. So the issue has arisen at least twice other, two times other, and two other courts have said no. Sure. So it's come up, as far as we can tell, a total of three times over the course of decades. My point is the sky's not going to fall. The tax court's not going to be overburdened by our position. Taxpayers in Ms. Zook's position will be burdened and I think Congress's purpose would be undermined by a ruling in the government's favor. Again, the IRS began this process with a levy. It shouldn't be allowed to pull the rug out from under taxpayers. Congress wanted to make tax court an available forum. It is a much more taxpayer-friendly forum than district court, particularly for low-income taxpayers. The Center for Taxpayer Rights brief at page 18 to 19 describes that and the limitations problems for taxpayers in these sorts of situations. I guess that cuts both ways, though, because if it happened all the time, I think there is a stronger sense that while Congress wouldn't have wanted all these cases, the unfairness that you point out, to be yanked around like this, where if it's happening very rarely, you might think Congress wouldn't have thought about it. Well, but I think the real backstop here is that Congress said that you can't bring an underlying liability challenge in a 6330 action if you had a prior opportunity to bring that liability challenge. And so I think in a typical case, you're going to have a deficiency notice, and that's going to be the opportunity to challenge the underlying liability. It simply doesn't come up that much, that these issues are resolved in 6330 proceedings, but where they are, Congress meant to provide a meaningful forum. And just to complete the point for Justice Sotomayor, yes, there are two cases over decades, but in those cases, the government gave up not only on the levy, but also on liability. As we pointed out in our brief in opposition to cert, and so this is a highly unusual, as far as I can tell, unprecedented case where the government has given up on the levy, but is still keeping the taxpayers' money. And that, Justice Gorsuch, to your point, is why this determination still has significance. The determination is what is justifying the government keeping Ms. Zook's money. I'm just out of curiosity, does Ms. Zook's tax liability for 2014 and 2015 have anything to do with the issues in this case? Well, it does insofar as those... She's not seeking a refund for those years, right? Well, she is seeking a refund insofar as the government, the IRS, has offset her earlier liability with overpayments for those years, and we're saying that that's improper. For those two years? Correct. If the court has no further questions? Thank you. Plenty of time. Right, yeah. Hold, I'm sorry, in answer to Justice Alito, we're only talking about the refund for those two years that were credited against her liability, or something else was credited? No, so there were several years of overpayments that the IRS offset against the earlier liability, and she's seeking to have the earlier liability erased because the $50,000 from 2010 and 2011, I think it were, should have been credited to her, but also to get those overpayments back that were used in order to improperly offset the overpayments. So she's looking for refunds from those overpayments? Correct. Okay, thank you. Can you explain to me just one more time the statute of limitations problem that you see arising from the government's position? Sure. So under the government's position, 6330E1 does not toll the time for filing an administrative refund claim, which is a prerequisite to then bringing a refund claim in federal court. No notice that you need to file a refund claim until there's a determination, until they pull the switcheroo on the levy.  And it's too late.  Yeah. Okay. And then, just curious, do you think Article III mootness principles apply in an executive tribunal like the tax court? Not to avoid the question, but I don't think you need to decide it. I understand. I understand. You're a smart lawyer in front of me, and I've got a chance to ask you the question. My colleagues are being very patient, so briefly, thoughts. So I think as a practical matter, it makes sense to think that Article III mootness principles do apply, because the way this case would proceed, it's going to go from the appeals office to the tax court, and then up to the Third Circuit. And then we get to the Third Circuit, the Third Circuit is going to apply Article III principles. So it doesn't make a whole lot of sense for the case to proceed all the way up to that point, without regard for Article III, only for the Third Circuit to then throw up its hands and say, nothing we can do because Article III doesn't apply. Thank you. So the tax court does apply those principles, and I think it makes sense. Thank you. Thank you, counsel. Thank you. Rebuttal, Ms. Ross? Thank you, Mr. Chief Justice. I hope to make just three, hopefully, quick points. The first is that my friend spoke a lot about review jurisdiction under 6330 D1, and that being similar to sort of APA review. I think that's not the right way to think about this case. Again, the tax court needs very specific authorization to provide any type of relief. And so if you look at footnote four of our brief, we discuss the fact that there's no overpayment jurisdiction here. I think what Respondent is really asking for is something that looks like overpayment jurisdiction. When Congress has wanted the tax court to have the authority to calculate someone's overpayment and, in fact, to say, you know, you, Commissioner, need to go back and give that money to the taxpayer, it has specifically provided for that. So I would point the court to the Green-Thepeddy case that's cited in footnote four of our brief. Section 6512B does this in deficiency actions. I think it's really important that there's not just sort of free-floating general review jurisdiction in the tax court. The second point I would make on gamesmanship, Justice Jackson, I think you're exactly right. I don't think it's correct to think about, in the D.C. Circuit's words, in Wilson, the taxpayer getting exactly what she wanted when she came into the refund suit, meaning for the levy to go away. I don't think it's right for that to think about that as gamesmanship of any sort. I think here the IRS used the tools that Congress gave it to have this debt go away without having to finally carry out a levy on respondent's property. I think this relates a little bit, Justice Gorsuch, to your question about section 6532. I don't think it's correct to say that the taxpayer would not have been on notice that she needed to file an administrative refund claim unless and until the levy went away. She would always need to file that, again, because most taxpayers are never going to wind up in a levy proceeding, and so from the beginning, they are supposed to file an administrative refund claim if they think that they are due a refund. The third point, there was some suggestion that there are some provisions in the statute that don't speak specifically about levies. I think they use collection action or unpaid tax. We've already spoken about unpaid tax today. I really hesitate to further complicate this case, but I think the reason why the language is broader in some places is that 6320, which is a statute that we cite in our brief, applies the 6330 procedures when the government has filed a notice of a federal tax lien, and so that's why we're talking about collection actions a little bit more broadly. I don't think anything in there suggests, as I took my friend to suggest, that that doesn't mean that we're focused on a levy when the levy is what's before the court. To take a step back, you know, section 6330, I think, is dense, it's technical, as we've explored this morning, but I think it plainly provides a prepayment mechanism for review of a challenged levy. In this case, Ms. Zuck has fully paid her 2010 taxes, and there is no longer a levy. Section 6330 is therefore just no longer the right mechanism for her, and we would ask that the court reverse the Court of Appeals' contrary judgment. Thank you. Thank you, counsel. The case is submitted.